UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL D. BROOK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No._____ ) JUDGE_____ |
| STERLING TESTING SYSTEMS, INC., aka STERLING INFOSYSTEMS, INC.; and GAYLORD ENTERTAINMENT, | ) MAGISTRATE JUDGE _____ ) ) JURY DEMAND ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Michael D. Brook, by counsel, and for his Complaint against Sterling Testing Systems, Inc., aka Sterling Infosystems, Inc.; and Gaylord Entertainment, states as follows:

### JURISDICTION AND VENUE

1. This case is brought under the Fair Credit Reporting Act, 15 USC 1681 et seq., as amended (the "**FCRA**").

2. Jurisdiction of this Court arises under 15 USC 1681p, 28 USC 1331 and 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff Michael D. Brook is an adult individual and citizen of the State of Tennessee.

5. Defendant Sterling Testing Systems, Inc. ("**Sterling**") is a business entity that regularly conducts business in the State of Tennessee and which has a principal

{00557951- }

place of business located at 249 West 17th Street, Floor 6, New York, NY 10011.

6. Defendant Gaylord Entertainment ("**Gaylord**") is a business entity that regularly conducts business in the State of Tennessee and which has a principal place of business located at 2800 Opryland Drive, Nashville, Tennessee 37214

## FACTUAL ALLEGATIONS

7. At all times relevant hereto, Defendant was a "consumer reporting agency" as defined by 15 USC 1681a(f).

8. At all times relevant hereto, Plaintiff was a "consumer" as that term is defined by 15 USC 1681a(c).

9. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by consumer reporting agencies.

10. Sterling sells consumer reports to employers who wish to screen job applicants.

11. On its Web site, in a section entitled "Compliance", Sterling represents that it complies with The Fair Credit Reporting Act.

12. Some of the consumer reports Sterling sells contain information regarding a job applicant's criminal history.

13. In addition, Sterling furnishes consumer reports which contain "possible" criminal history information about a job applicant.

14. Despite its duty to maintain the maximum possible accuracy of the reports which it furnishes, Sterling has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice of producing and selling such information about consumers in direct violation of the FCRA.

{00557951- }

15. Sterling thereby reported adverse information purportedly about the Plaintiff in a consumer report with knowledge that the information did not pertain to Plaintiff.

166. At all times relevant hereto, Sterling was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Sterling.

17. At all times relevant hereto, the unlawful conduct of the Defendant, as well as that of its agents, servants and/or employees, did not result from an isolated or solitary instance of human error, but rather was willful, intentional and in reckless disregard for the FCRA and consistent with Defendant's corporate policy and practice.

18. Plaintiff was employed by Gaylord as a server in its food services division.

19. Plaintiff wages with Gaylord were to have been less than $75,000 per year.

20. After Plaintiff's employment, Gaylord hired Sterling to perform a background check on Plaintiff.

21. Sterling performed this background check through a "database search" and not through its "standard criminal background research methods."

22. Sterling furnished a consumer report to Gaylord in which Sterling reported to Gaylord that Plaintiff was a felon of heinous crimes. This information was false.

23. The report furnished by Sterling was used or expected to be used in whole or in part for the purpose of serving as a factor in establishing Plaintiff's eligibility for employment.

24. Gaylord communicated to Plaintiff that it had obtained this consumer report at which point Plaintiff protested to Gaylord that any information about criminal convictions which might be contained within the report from Sterling was false but Gaylord did not believe Plaintiff.

25. As a result of Sterling's report, Plaintiff was terminated from his job.

26. As a result of Sterling's report, Gaylord made decisions adversely affecting Plaintiff's employment.

27. Gaylord did not provide Plaintiff with a copy of the Sterling report.

28. Gaylord did not provide Plaintiff with a pre-adverse action letter prior to Plaintiff's termination.

29. Gaylord did not provide Plaintiff with an adverse action letter after Plaintiff's termination.

29. Plaintiff was humiliated, shocked, and embarrassed by his termination and the events leading up to and following that termination.

30. Plaintiff suffered extreme emotional distress because of his termination and the events leading up to and following that termination.

31. Plaintiff has suffered damage to his reputation because of his termination and the events leading up to and following that termination.

## COUNT I - FCRA

### (Against Sterling)

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. This count states claims for negligent and willful violations of the FCRA against Sterling pursuant to 15 USC 1681o and 1681n.

33. Sterling failed to comply with the requirements of the FCRA in one or more of the ways set forth herein.

34. Sterling compiled and reported items of information on Plaintiff which Sterling represented were matters of public record and which were likely to have an adverse effect on Plaintiff's ability to obtain employment in violation of Section 1681k of the FCRA.

35. At the time Sterling reported such public record information to Gaylord, Sterling failed to notify Plaintiff of the fact that the public record information was being reported by Sterling to Gaylord, in violation of Section 1681k of the FCRA.

36. At the time Sterling reported such public record information to Gaylord, Sterling failed to maintain strict procedures designed to insure that the public record information it reported to Gaylord about Plaintiff was complete and up to date, in violation of Section 1681k of the FCRA.

37. Sterling failed to follow reasonable procedures to assure maximum possible accuracy of the information contained within its report to Gaylord in violation of Section 1681e(b) of the FCRA.

38. Sterling failed to exercise due care and reasonable prudence in the preparation of its report relative to Plaintiff.

39. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

40. Sterling's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 USC 1681n.

41. Sterling's acts and/or omissions made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided pursuant to 15 USC 1681o.

WHEREFORE, Plaintiff requests that this Court enter judgment against Sterling for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT II - FCRA

### (Against Gaylord)

42. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43. Upon receipt and review of the Sterling report, Gaylord intended to take and did take adverse action against Plaintiff.

44. Gaylord failed to provide a copy of the Sterling report to Plaintiff prior to taking adverse action against Plaintiff, in violation of Section 1681c(b)(3)(A)(i) of the FCRA.

45. Gaylord failed to provide a description in writing of the rights of Plaintiff under the FCRA to Plaintiff prior to taking adverse action against Plaintiff, in violation of Section 1681c(b)(3)(A)(ii) of the FCRA.

46. Gaylord failed to provide notice of the adverse action taken against Plaintiff, in violation of Section 1681m(a) of the FCRA.

47. Gaylord failed to provide the name, address and telephone number of Sterling after taking adverse action against Plaintiff, in violation of Section 1681m(a) of the FCRA.

48. Gaylord failed to provide a statement to Plaintiff after taking adverse action that Sterling did not make the decision to take the adverse action, in violation of Section 1681m(a) of the FCRA.

49. Gaylord failed to provide notice to Plaintiff in accordance with and in violation of Section 1681m(a)(3) of the FCRA.

50. Gaylord failed to maintain reasonable procedures to assure compliance with Section 1681m of the FCRA.

51. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

52. Gaylord's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 USC 1681n.

53. Gaylord's acts and/or omissions made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided pursuant to 15 USC 1681o.

WHEREFORE, Plaintiff requests that this Court enter judgment against Gaylord for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation,

{00557951-}

frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury on all of his claims.

Respectfully submitted,

Andy L. Allman
Andy L. Allman & Associates
103 Bluegrass Commons Boulevard
Hendersonville, TN 37075
Phone: (615) 824-3761 x. 203
Fax: (615) 264-2620
Email: andylallman@comcast.net

{00557951- }